(Reap. Dec. 9861)

JOHN V. CARR & SON, INC. v. UNITED STATES

Entry Nos. 23892 ; 1779.

(Decided November 29, 1960)

*Eugene R. Pickrell* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

DONLON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation by counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, defendant, that the merchandise covered by the above two appeals for reappraisement consist [sic] of special cycle three speed cable assemblier [sic] imported from England.

IT IS FURTHER STIPULATED AND AGREED that on or about the date of exportation the export value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of England in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was 126 shillings per gross, English currency, less 3¾% cash discount, plus packing.

IT IS FURTHER STIPULATED AND AGREED that such merchandise is used in the manufacture of bicycles and was imported after the effective date of the final list of articles subject to appraisement under the provisions of Section 402(a) of the Tariff Act of 1930, as amended, by the Customs Simplification Act of 1956, and that said merchandise is not included on the final list T.D. 54521.

IT IS FURTHER STIPULATED AND AGREED that the above appeals for reappraisement be submitted on this stipulation.

It appears from the official papers that the merchandise of suit R58/26483 was entered for consumption on July 25, 1958, and that the merchandise of suit R58/26484 was entered for consumption on June

26, 1958. The effective date of the final list (T.D. 54521), under the provisions of the Customs Simplification Act of 1956 (T.D. 54165), was February 27, 1958. These facts being so, and it appearing by stipulation of the parties that the merchandise is not included in the articles enumerated in T.D. 54521 as subject to appraisement under section 402a of the Tariff Act of 1930, as amended, the merchandise is held to be subject to valuation under the provisions of section 402, as amended.

Accepting the above stipulation as an agreed statement of facts, I find and hold that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended, is the proper basis for determination of value of the merchandise herein, and that such value is 126 shillings per gross, English currency, less 3¾ per centum cash discount, plus packing.

Judgment will be entered accordingly.